This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the State of Ohio ("State"), appeals from a judgment in the Summit County Court of Common Pleas that granted the State's motion to dismiss the indictment. We dismiss the appeal for lack of jurisdiction.
{¶ 2} On May 20, 2002, the Summit County Grand Jury indicted Defendant, Marlon Wooldrige, on one count of trafficking in counterfeit controlled substances, in violation of R.C. 2925.37(B) and/or (F). Subsequently, the State filed a motion in limine regarding whether it must disclose the confidential informant's identity. The trial court ordered the State to disclose the identity of the confidential informant. In response to the trial court's order, the State moved to dismiss the indictment without prejudice. The trial court granted the State's motion to dismiss. It is from this order that the State appeals, and asserts one assignment of error for review.
 ASSIGNMENT OF ERROR
{¶ 3} "The trial court erred in ruling that the State was required to reveal the name of the confidential informant."
{¶ 4 After a thorough review of the record, we must decline to consider the State's appeal for lack of jurisdiction.
{¶ 5} The record indicates that, rather than going forward with trial, the State moved to dismiss the indictment following the trial court's order that required the State to disclose the identity of the confidential informant. Crim.R. 48(A) governs dismissals by the state, and provides:
{¶ 6} "The state may by leave of court and in open court file an entry of dismissal of an indictment *** and the prosecution shall thereupon terminate."
{¶ 7} The effect of a dismissal by the state operates to nullify the claims brought against the accused. Further, it returns the state and the accused to their same positions as if the state never instituted the prosecution. State v. Bozso (Apr. 21, 2000), 1st Dist. No. C-990540; Statev. Tankersley (Oct. 31, 1996), 8th Dist. Nos. 70068 and 70069. See, also, State v. Jackson (Nov. 12, 1997), 9th Dist. No. 96CA006560, at 4. As the State dismissed the indictment, no parties and no prosecution survived for this case to review. Accordingly, we dismiss the appeal for lack of jurisdiction.